```
                     UNITED STATES DISTRICT COURT
                        DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| SAMANTHA FITZPATRICK, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | |
| v. | Civil Action<br>No. 16-cv-06751 (JBS-AMD) |
| CAMDEN COUNTY JAIL, | **OPINION** |
| Defendant. | |

APPEARANCES:

Samantha Fitzpatrick
Plaintiff Pro Se
1 Wilcox Lane
Blackwood, NJ 08012

**SIMANDLE, Chief District Judge:**

I.  **INTRODUCTION**

Plaintiff Samantha Fitzpatrick seeks to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 against Camden County Jail ("CCJ") for allegedly unconstitutional conditions of confinement. Complaint, Docket Entry 1.

28 U.S.C. § 1915(e)(2) requires courts to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis*. Courts must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua*

1

*sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

For the reasons set forth below, the Court will: (1) dismiss the Complaint with prejudice as to claims made against CCJ; and (2) dismiss the Complaint without prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

## II.  BACKGROUND

Plaintiff's Complaint states in its entirety: "It was always over crowded so I ended up on the floor. It was very cold[.] People were walking over you and on you. It didn't matter who you told[;] no one cared and it seemed normal because almost everyone had to. Women would argue over who was getting a bunk." Complaint § III(C). Plaintiff alleges that she "got boils from laying [*sic*] on the dirty floor." *Id*. § IV.

Plaintiff contends that the events giving rise to her claims occurred: "April 2009 to Aug 2009[;] Jan 2010[;] Apr 2010[;] Nov 2010[;] March 2011[;] June 2011[;] Aug 2011[;] 2012[;] 2013[;] 2014[;] different months every year since 2009." *Id*. § III(B).

Plaintiff does not describe or identify any relief sought. *Id*. § V.

## III. STANDARD OF REVIEW

To survive *sua sponte* screening under § 1915(e)(2) for failure to state a claim, the complaint must allege "sufficient

2

factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

**IV.  DISCUSSION**

Plaintiff asserts claims against CCJ for allegedly unconstitutional conditions of confinement.

First, CCJ is not a "state actor" within the meaning of § 1983. *See*, *e.g.*, *Grabow v. Southern State Corr. Facility*, 726 F. Supp. 537, 538-39 (D.N.J. 1989) (correctional facility is not a "person" under § 1983). Accordingly, the claims against CCJ must be dismissed with prejudice.

Second, even accepting the statements as true for screening purposes only, there is not enough factual support for the Court to infer a constitutional violation has occurred. The mere fact that an individual is lodged temporarily in a cell with more persons than its intended design does not rise to the level of a

3

constitutional violation. *See Rhodes v. Chapman*, 452 U.S. 337, 348-50 (1981) (holding double-celling by itself did not violate Eighth Amendment); *Carson v. Mulvihill*, 488 F. App'x 554, 560 (3d Cir. 2012) ("[M]ere double-bunking does not constitute punishment, because there is no 'one man, one cell principle lurking in the Due Process Clause of the Fifth Amendment.'" (quoting *Bell v. Wolfish*, 441 U.S. 520, 542 (1979))). More is needed to demonstrate that such crowded conditions, for a pretrial detainee, shocks the conscience and thus violates due process rights. *See Hubbard v. Taylor*, 538 F.3d 229, 233 (3d Cir. 2008) (noting due process analysis requires courts to consider whether the totality of the conditions "cause inmates to endure such genuine privations and hardship over an extended period of time, that the adverse conditions become excessive in relation to the purposes assigned to them.").

As Plaintiff may be able to amend the Complaint to address the deficiencies noted by the Court, the Court shall grant Plaintiff leave to amend the Complaint within 30 days of the date of this order.[1] In the event Plaintiff files an amended complaint, she should include specific facts, such as the dates and length of Plaintiff's confinement(s), whether Plaintiff was a pretrial detainee or convicted prisoner, any specific

---

[1] The amended complaint shall be subject to screening prior to service.

individuals who were involved in creating or failing to remedy the conditions of confinement, and any other relevant facts regarding the conditions of confinement. Conclusory statements are not enough.

Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint,[2] but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.* The amended

---

[2] To the extent the complaint seeks relief for conditions Plaintiff encountered prior to September 29, 2014, those claims are barred by the statute of limitations. Claims brought under § 1983 are governed by New Jersey's two-year limitations period for personal injury. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010). "Under federal law, a cause of action accrues when the plaintiff knew or should have known of the injury upon which the action is based." *Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014). The allegedly unconstitutional conditions of confinement would have been immediately apparent to Plaintiff; therefore, the statute of limitations on some of Plaintiff's claims expired two years after her release. In the event Plaintiff elects to file an amended complaint, she should limit her complaint to confinements in which she was released after September 29, 2014.

complaint may not adopt or repeat claims that have been dismissed with prejudice by the Court.

## V. CONCLUSION

For the reasons stated above, the Complaint is: (a) dismissed with prejudice as to the CCJ; and (b) dismissed without prejudice for failure to state a claim. The Court will reopen the matter in the event Plaintiff files an amended complaint within the time allotted by the Court.

An appropriate order follows.


**February 2, 2017**　　　　　　　　　　**s/ Jerome B. Simandle**
Date　　　　　　　　　　　　　　　　　JEROME B. SIMANDLE
　　　　　　　　　　　　　　　　　　　Chief U.S. District Judge